IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN EWING,                )
                             )
            Plaintiff,       )
                             )
      v.                     )    Case No. 16 C 11251
                             )
THOMAS DART,                 )
                             )
            Defendant.       )

## MEMORANDUM ORDER

Melvin Ewing ("Ewing") has filed a pro se "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Section 1983"),[1] accompanying that Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This memorandum order is issued sua sponte to deal with some threshold problems posed by Ewing's filings.

To begin with, Ewing's Complaint alleges that he was injured during his stay at the Cook County Department of Corrections ("County Jail") -- more specifically, while he was in custody there on November 27 of this year. But the printout of transactions in his trust fund account at the County Jail, supplied as an adjunct to the Application, reveals that he was discharged from custody on December 8, while the Complaint and the other two forms were not received in the Clerk's Office until December 9.

---

[1] Although pro se plaintiff Ewing has checked the wrong line in the Clerk's-Office-supplied Complaint form (this is not, as he has designated there, a Bivens action), this Court will disregard that mistake and treat the Ewing allegations as a claim of constitutional violation potentially actionable under Section 1983.

That timing creates a troubling dilemma. Because the photocopy of the forwarding envelope enclosing Ewing's papers shows only a December 9 date stamp, there is no record evidence of what the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule" would treat as the date of "filing" if Ewing were viewed as a prisoner plaintiff for the purposes of 28 U.S.C. § 1915 ("Section 1915"). But if a date before his December 8 discharge from custody were applicable, the consequence would be that he would be liable for the $350 filing fee even though no installment payment arrangement of the type prescribed by Section 1915(b)(1) and (b)(2) could apply -- instead he would have a $350 indebtedness to the federal court even though his Application reflects his financial inability to bear that cost.

By contrast, every federal court plaintiff seeking in forma pauperis ("IFP") status who is not a prisoner plaintiff is treated as having filed his or her complaint at the time of its delivery to the Clerk's Office -- in this instance December 9, when Ewing was no longer in custody. Under those circumstances, Ewing's inability to pay the filing fee (in that event the fee would be $400 rather than $350) entitles him to go forward on an IFP basis.

Although this Court accordingly grants Ewing's Application (Dkt. No. 3) as a conventional IFP plaintiff, his Motion (Dkt. No. 4) is flawed because he has totally failed to identify efforts that he has made on his own to seek representation (a showing that our Court of Appeals' jurisprudence teaches is required before this Court can consider obtaining representation for Ewing from the membership of the District Court's trial bar). That being the case, the Motion #4 is denied without prejudice, and this Court would ordinarily transmit three fresh copies of the Motion form to Ewing together with a copy of this memorandum order.

But Ewing has not provided the District Court with any address other than his former one at the County Jail, so that no such transmittal is possible at this time. Hence:

1. If Ewing fails to furnish a new address to the Clerk's Office[2] on or before December 29, 2016, both the Complaint and this action will be dismissed without prejudice.

2. If he does provide that information, this Court will make the transmittal to him referred to in the preceding paragraph on page 2.

If in the latter event Ewing completes and returns two counterparts of the Motion to this District Court in satisfactory form on or before January 16, 2017,[3] this Court will obtain the name of a member of the trial bar to represent him, and his case will go forward. If he fails to do so, this Court would be constrained to dismiss both Ewing's Complaint and this action.

_[signature: William D. Shadur]_

Milton I. Shadur
Senior United States District Judge

Date: December 19, 2016

---

[2] Office of the Clerk
219 South Dearborn Street
20th Floor
Chicago, IL  60604.

[3] With one of those counterparts being sent to the Clerk's Office, the other should be transmitted directly to this Court's chambers:

Honorable Milton I. Shadur
United States District Court
219 South Dearborn Street
Suite 2388
Chicago, IL  60604.