# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MELVIN EWING,                )
                             )
      Plaintiff,         )
                             )
    v.                     )   Case No. 16 C 11251
                             )
THOMAS DART,                 )
                             )
      Defendant.        )

## MEMORANDUM ORDER

      This pro se action brought by Melvin Ewing ("Ewing") against Cook County Sheriff Thomas Dart, in which Ewing utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint") to state his claim, presented a unique situation as to the lawsuit's timing and Ewing's custodial status. After this Court reviewed Ewing's Complaint and related documents, it promptly issued a sua sponte December 19, 2016 memorandum order (the "Order") that addressed that unusual factual backdrop.

      Because Ewing's Complaint foreshadowed his then-imminent release from custody at the Cook County Department of Corrections ("County Jail"), and because that release had already taken place when the Order granted Ewing's In Forma Pauperis Application, the Order's concluding paragraphs and its two footnotes set out these provisions as to Ewing's need to submit new forms of Motion for Attorney Representation ("Motion"):

> But Ewing has not provided the District Court with any address other than his former one at the County Jail, so that no such transmittal is possible at this time. Hence:

> 1. If Ewing fails to furnish a new address to the Clerk's Office[1] on or before December 29, 2016, both the Complaint and this action will be dismissed without prejudice.
>
> 2. If he does provide that information, this Court will make the transmittal to him referred to in the preceding paragraph on page 2.

If in the latter event Ewing completes and returns two counterparts of the Motion to this District Court in satisfactory form on or before January 16, 2017,[2] this Court will obtain the name of a member of the trial bar to represent him, and his case will go forward. If he fails to do so, this Court would be constrained to dismiss both Ewing's Complaint and this action.

---

[1] Office of the Clerk
219 South Dearborn Street
20th Floor
Chicago, IL 60604.

[2] With one of those counterparts being sent to the Clerk's Office, the other should be transmitted directly to this Court's chambers:

> Honorable Milton I. Shadur
> United States District Court
> 219 South Dearborn Street
> Suite 2388
> Chicago, IL 60604.

Nothing at all has been heard from Ewing since that time, although the case docket reflects (1) that the Order was originally returned to the Clerk's Office as undeliverable but that a new address for Ewing -- 7838 South Muskegon, Chicago, Illinois 60649 -- had been found and (2) that the Order had been remailed to him at that address (see Dkt. Nos. 7 and 8, each dated December 30, 2016). There is really no excuse for Ewing's failure to have followed up on his own responsibilities in that fashion -- it is certainly not the duty of this Court to assume the role of nursemaid.

Nevertheless this Court is loath to dismiss Ewing's Complaint and this action for want of prosecution. Instead a copy of this memorandum order, together with three blank copies of the

Motion, are contemporaneously being transmitted to Ewing at the Chicago address referred to earlier. If Ewing completes those Motion forms properly (most importantly, by answering its paragraph 2 with a statement as to the efforts he has made to obtain counsel on his own, a requirement imposed by our Court of Appeals), this Court will take appropriate action to move the case forward. If the completed forms of Motion are not received in the Clerk's Office and in this Court's chambers, both at the addresses indicated above, on or before January 27, 2017, this action will indeed be dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 11, 2017