# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELVIN EWING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 11251 |
| THOMAS DART, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This memorandum order is the third one issued by this Court in its effort to address (more accurately, to assist pro se plaintiff Melvin Ewing ("Ewing") in the ability to pursue) the claim by Ewing that his constitutional rights were violated during the latter part of his apparently brief stay in custody at the Cook County Department of Corrections ("County Jail") when he assertedly sustained a slip-and-fall injury while taking a shower there. In this Court's first sua sponte memorandum order issued December 19, 2016 ("Order I"), it granted Ewing's Application for in forma pauperis ("IFP") status, giving Ewing the benefit of the nonapplication of 28 U.S.C. § 1915 ("Section 1915") because of an odd timing situation: his Complaint and its accompanying documents were received in the Clerk's Office on December 9, just one day after he had already been discharged from custody. That unusual departure from Section 1915 protocol to deal with Ewing's unique situation spared him the $350 filing fee obligation that he would have owed to this District Court even though his release from custody had rendered inoperative that Section's installment payment procedure.

When Ewing's new post-release street address was learned by the Clerk's Office, which then remailed a copy of Order I to him (a matter to which Ewing himself should have attended),

this Court issued a January 11 memorandum order ("Order II") that was transmitted to him together with new blank copies of the Clerk's-Office-supplied form of Motion for Attorney Representation (a form that he had completed improperly the first time around). Order II warned Ewing that a failure to complete and resubmit the new forms properly so as to be received by the Clerk's Office and this Court on or before January 27 would cause this action to be dismissed for want of prosecution. That January 27 date has come and gone without the receipt of anything but silence from Ewing, and as foreshadowed by Order II this Court orders such dismissal -- but without prejudice.

                                                                _____
                                                                Milton I. Shadur
                                                                Senior United States District Judge

Date:   January 30, 2017